COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|                        |   |                         |
|------------------------|---|-------------------------|
|                        | § |                         |
|                        |   | No. 08-17-00066-CV      |
| IN THE INTEREST        | § |                         |
|                        |   | Appeal from the         |
|                        | § |                         |
| OF J.A.N., A CHILD     |   | 388th District Court    |
|                        | § |                         |
|                        |   | of El Paso County, Texas |
|                        | § |                         |
|                        |   | (TC# 2015DCM5440)       |
|                        | § |                         |

## **O P I N I O N**

This appeal is before the Court to determine whether Appellant, Lisa Andrea Lagos, is entitled to reversal and remand for a new trial pursuant to TEX.R.APP.P. 34.6(f) because the court reporter's notes and the exhibits have been lost. On April 5, 2018, this Court ordered the trial court to conduct a hearing pursuant to TEX.R.APP.P. 34.6(f) to determine whether the court reporter's notes and/or the exhibits have been lost or destroyed. The trial court conducted the hearing and made its findings of fact and conclusions of law. The reporter's record of the hearing has also been filed. Further, at our request, Appellant has filed a letter brief addressing the second, third, and fourth elements of Rule 34.6(f).

Under Rule 34.6(f), a party is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of

the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Appellant is not entitled to a new trial unless all four elements are established. *See In the Interest of S.V.*, --- S.W.3d ---, 2017 WL 3725981, at *3 (Tex.App.--Dallas 2017, pet. denied).

We find that Appellant timely requested the court reporter to prepare the reporter's record. The record reflects that the court reporter's notes and the exhibits have not been located following her death, and neither the trial court nor the parties requested additional time to investigate the matter. The trial court determined that some of the court reporter's notes have been found, but there is no evidence that the notes from the instant case have been located. There is also evidence that the court reporter's personal computer has been recovered from her home but it is password-protected. The trial court determined it was not authorized to order the El Paso County IT Department to "hack" into the computer, but the court suggested that this Court has authority to enter such an order. It is unclear whether this Court possesses such authority. Even assuming we do, there is nothing in the record to suggest that the court reporter stored her notes for this case on the computer. In the absence of such evidence, we decline to order anyone to "hack" into the court reporter's personal computer. Based on the record developed by the trial court, we conclude that the court reporter's notes and the exhibits have been lost.

The third element of Rule 34.6(f) is whether the lost reporter's record and exhibits are necessary to the appeal. It was Appellant's burden to make this showing. *See In the Interest of*

- 2 -

*S.V.*, --- S.W.3d ---, 2017 WL 3725981, at *3. When the trial court raised this issue at the hearing, Appellant did not articulate any reason why the reporter's record and exhibits are necessary to the appeal. She has, however, made a compelling argument in her letter brief that she intended to raise issues on appeal challenging the trial court's decisions on custody and retroactive child support. Appellant asserts that the trial court heard approximately three hours of testimony related to the custody determination and one hour of testimony related to the retroactive child support issue. Further, the missing exhibits are pertinent to Appellant's arguments regarding the child support arrearage because she asserts that the trial court erroneously gave Appellee credit for certain child support payments. We agree that the reporter's record and exhibits are necessary to resolving this issue on appeal, and the parties have not entered into any agreement to replace the reporter's record and exhibits. Accordingly, we conclude that Appellant is entitled to a new trial. The trial court's order signed on February 17, 2017 is reversed and the cause is remanded for a new trial.

July 31, 2018
                                YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.